IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH A. HARRIS,

   Plaintiff,

     v.

CITIMORTGAGE, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-271-TWT

**OPINION AND ORDER**

This is an action seeking to enjoin a foreclosure. It is before the Court on the Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. 6], the Defendant MERSCORP's Motion to Dismiss [Doc. 5], the Defendant Mortgage Electronic Registration System's Motion to Dismiss [Doc. 8], and the Plaintiff Deborah Harris' Motion to Amend Complaint [Doc. 12]. For the reasons set forth below, the Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. 6] is GRANTED, the Defendant MERSCORP's Motion to Dismiss [Doc. 5] is GRANTED, the Defendant Mortgage Electronic Registration System's Motion to Dismiss [Doc. 8] is GRANTED, and the Plaintiff Deborah Harris' Motion to Amend Complaint [Doc. 12] is DENIED.

**I. Background**

On April 10, 2003, the Plaintiff Deborah Harris obtained a residential loan from First Horizon Loan Corporation. (Compl. ¶ 16.) In connection therewith, the Plaintiff signed a security deed in favor of the Defendant Mortgage Electronic Registration System ("MERS") as nominee for First Horizon. (Compl. ¶ 19.) The security deed was later assigned to the Defendant CitiMortgage, Inc. (Compl. ¶ 16.) The Plaintiff defaulted on the loan and was given notice of foreclosure. (Compl. ¶ 31.) The notice included the contact information for CitiMortgage, the servicer of her loan. There is no allegation that a foreclosure sale has taken place thus far. The Plaintiff brought suit, asserting a claim for wrongful foreclosure and seeking both damages and equitable relief. The Defendants move to dismiss. In lieu of filing a Response, the Plaintiff moves to amend her Complaint to add new claims.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true

and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

"[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997). However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Id. at 1369.

### III. Discussion

### A. Motions to Dismiss

As an initial matter, the Plaintiff's wrongful foreclosure claim fails because there has been no foreclosure. See Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure."). To the extent that the Plaintiff is pursuing her wrongful foreclosure claim as a basis for obtaining prospective equitable relief, her claim still fails. "A borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in a deed unless he first pays or tenders to the creditor the amount admittedly due." R.R.R. Ltd. P'ship v. Recreational Servs., Inc., 264 Ga. 494 (1994); see also Wright v. Intercounty Properties, Ltd., 238 Ga. 492, 493 (1977). Here, there is no allegation that the Plaintiff has offered to tender the amount admittedly due.

Regardless, the Plaintiff has failed to state a claim for wrongful foreclosure. "In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted). The Plaintiff first argues that CitiMortgage has no right to foreclose because the

security deed assignment from First Horizon to CitiMortgage is invalid. "A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449 (2008). Here, the Plaintiff does not have standing to challenge the assignment. See, e.g., Montgomery v. Bank of Am., 321 Ga. App. 343, 346 (2013) ("[T]he assignment was contractual, and because Montgomery was not a party to the assignment . . . he lacked the standing to contest its validity."); Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013) ("[C]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale."). Thus, the Plaintiff has failed to state a plausible wrongful foreclosure claim based on the lack of a legal right to foreclose. See You v. JP Morgan Chase Bank, 293 Ga. 67, 74 (2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed.").

Second, the Plaintiff argues that the notice of foreclosure failed to satisfy Georgia statutory requirements because it did not include contact information for the secured creditor. Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A.

§ 44-14-162.2(a). "[T]he statute does not require that notice letters must identify the security creditor." Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013). "The only entity that [has] to be identified in the Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent." Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013). Here, the Plaintiff admits that CitiMortgage is the servicer of her loan, (Compl. ¶ 12), and she never alleges that CitiMortgage lacks the authority to "negotiate, amend, and modify all terms" of her loan. Accordingly, the Plaintiff's wrongful foreclosure claim against the Defendants CitiMortgage, Mortgage Electronic Registration System, and MERSCORP should be dismissed.[1]

---

[1] The Plaintiff briefly asserts two other claims. First, she asserts a civil conspiracy claim. However, Georgia law does not recognize an independent civil conspiracy cause of action. See Savannah Coll. of Art & Design, Inc. v. School of Visual Arts of Savannah, Inc., 219 Ga. App. 296, 297 (1995) ("Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action."). Second, she asserts a promissory estoppel claim. Specifically, the Plaintiff alleges that she "applied for a modification two times and was denied at the last moment after making 9 payments into the modification plan." (Compl. ¶ 79.) "To establish a promissory estoppel claim, a party must show that (1) the promisor made certain promises; (2) the promisor should have expected that the party would rely on the promises; and (3) the party relied on those promises to its detriment." F & W Agriservices, Inc. v. UAP/Ga. Ag. Chem., Inc., 250 Ga. App. 238, 241 (2001). Here, the Plaintiff does not allege that CitiMortgage made a certain promise that she would be granted a permanent loan modification.

### B. Motion to Amend Complaint

The Plaintiff moves to amend her Complaint. The additional allegations concern two loan modification agreements. First, the Plaintiff alleges that, in January of 2012, CitiMortgage sent her a loan modification document that she signed and returned ("First Modification"). (Mot. to Am. Compl., Ex. A.) The Plaintiff alleges that CitiMortgage then refused to honor the agreement. (Id.) Second, the Plaintiff alleges that CitiMortgage then offered her another loan modification agreement whereby she would initially participate in a three-month trial program ("Second Modification"). (Id.) The Plaintiff alleges that CitiMortgage again refused to honor the agreement and initiated the foreclosure process. (Id.) The Plaintiff now seeks to assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, fraud, and wrongful attempted foreclosure.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P.15(a)(2). "The court should freely give leave when justice so requires." Id. "A district court may deny such leave where there is 'substantial reason' for doing so, such as where . . . amendment would be futile." Alhallaq v. Radha Soami Trading, LLC, 484 Fed. Appx. 293, 298 (11th Cir. 2012). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th

Cir. 1999) (internal quotation marks omitted). Here, the additional claims in the Plaintiff's Amended Complaint would still be subject to dismissal.

First, the Plaintiff claims that she had two binding contracts with CitiMortgage – the First Modification and the Second Modification – that CitiMortgage breached when it initiated the foreclosure process. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." Campbell v. State, 286 Ga. App. 72, 73-74 (2007) (internal quotation marks omitted). However, "[w]hen a contract is contingent on the meeting of some condition, it is not enforceable by either party until the condition has been met." Lee v. Green Land Co., Inc., 245 Ga. App. 558, 560 (2000); see also Interfinancial Properties, Inc. v. Mary T. Cristal Trust, 254 Ga. App. 406, 409 (2002) ("A condition precedent must be performed before the contract becomes absolute and obligatory upon the other party.") (internal quotation marks omitted).

Here, the Plaintiff fails to sufficiently allege that either of the modification agreements became enforceable contracts. The First Modification includes a condition precedent: "This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied." (Mot. to Am. Compl., Ex. 1.) Section 2 in turn states that "the Loan Documents will not be modified unless and until . . . the Lender accepts

this Agreement by signing and returning a copy of it to me." (Mot. to Am. Compl., Ex. 1.) The Plaintiff never alleges that CitiMortgage signed and returned the First Modification. Accordingly, there was never a binding contract.[2] Additionally, the Second Modification is unenforceable for a similar reason. The bottom of the Second Modification contains the caption "ACCEPTED AND AGREED TO BY: CitiMortgage, Inc.," with two signature lines underneath. Again, the Plaintiff never alleges that CitiMortgage signed this document. Thus, the Plaintiff has failed to sufficiently allege the existence of an enforceable contract.[3] This also defeats the Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. See Myung Sung Presbyterian Church, Inc. v. North Am. Ass'n of Slavic Churches &

---

[2] The Plaintiff suggests that the only condition precedent to the First Modification was the requirement that the Plaintiff sign and return it to CitiMortgage. Because this assertion is contradicted by the attached exhibit, (Mot. to Am. Compl., Ex. 1), the Court need not accept it as true, see Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

[3] Although "[p]arties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated," Comvest, L.L.C. v. Corporate Sec. Grp., Inc., 234 Ga. App. 277, 280 (1998) (internal quotation marks omitted), the existence of a signature line suggests that an agreement is not intended to be binding until the required signatures are attained, see Legg v. Stovall Tire & Marine, Inc., 245 Ga. App. 594, 596 (2000) ("The fact that there were signature blocks in the agreement for the Stovall Marine listing agent and manager approval also tends to show that the agreement was not intended to be binding until it was signed by Stovall Marine.").

Ministries, Inc., 291 Ga. App. 808, 810 (2008) ("Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement . . . but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.").

Second, the Plaintiff asserts a conversion claim. The Plaintiff alleges that she made several payments as per the terms of the two loan modification documents. She further alleges that CitiMortgage did not properly credit these payments to her account. "In order to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Capital Financial Services Group, Inc. v. Hummel, 313 Ga. App. 278, 280-81 (2011). "Where a defendant originally obtained lawful possession of property, the plaintiff must show actual conversion or demand for the property's return coupled with the defendant's refusal to return the property." Stroman v. Bank of America Corp., 852 F. Supp. 2d 1366, 1379 (N.D. Ga. 2012). Here, the Plaintiff never alleges that she demanded a return of her payments. Consequently, her conversion claim fails.

Third, the Plaintiff asserts a claim for unjust enrichment. In support, the Plaintiff alleges that CitiMortgage has incorrectly declared that it is owed an

additional $60,000 in principal. "[U]njust enrichment applies when as a matter of fact there is no legal contract . . . but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." Engram v. Engram, 265 Ga. 804, 806 (1995) (internal quotation marks omitted). Here, there has been no benefit conferred. The fact that CitiMortgage declares that it is owed an additional $60,000 does not mean that it has been paid this amount. Thus, the Plaintiff's unjust enrichment claim fails.

Fourth, the Plaintiff asserts a fraud claim. In support, the Plaintiff merely alleges that she relied on certain representations made in the modification agreements. "In order to establish a claim of fraud under Georgia law, a plaintiff must prove (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." Bithoney v. Fulton-DeKalb Hosp. Auth., 313 Ga. App. 335, 343 (2011) (internal quotation marks omitted). Here, the Plaintiff has alleged no false representation. She does not allege that the CitiMortgage definitively represented to

her that she would be granted a permanent loan modification. In addition, she alleges no other specific false representation.[4]

Finally, the Plaintiff asserts a claim for wrongful attempted foreclosure. The Plaintiff claims that CitiMortgage refused to acknowledge the validity of the modification agreements, and thus improperly initiated the foreclosure process. In Georgia, "courts have recognized a cause of action for wrongful attempted foreclosure when a foreclosure action was commenced, but not completed, where plaintiffs have shown that a defendant 'knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result.'" Morgan v. Ocwen Loan Servicing, LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (citing Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 107 Ga. App. 463, 465 (1963)). Here, the Plaintiff never alleges that any of the Defendants knowingly published an untrue and derogatory statement about her financial condition. Thus, her attempted wrongful foreclosure claim fails. Because the Plaintiff's Amended Complaint would still be subject to dismissal, the Court denies the Plaintiff's Motion to Amend her Complaint.

---

[4] It is equally unclear what the detrimental reliance was. The Plaintiff merely alleges that she made payments pursuant to the modification agreements. But she does not deny that – absent the modification agreements – she would still have been required to make payments pursuant to the original loan terms.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant CitiMortgage, Inc.'s Motion to Dismiss [Doc. 6], GRANTS the Defendant MERSCORP's Motion to Dismiss [Doc. 5], GRANTS the Defendant Mortgage Electronic Registration System's Motion to Dismiss [Doc. 8], and DENIES the Plaintiff Deborah Harris' Motion to Amend Complaint [Doc. 12].

SO ORDERED, this 2 day of May, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge